**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN D. HOLCOM,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 03-7039
(D.C. No. 01-CV-712-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

      Claimant Steven D. Holcom appeals from a district court order affirming

the Social Security Commissioner's denial of his application for supplemental

security income and disability insurance benefits.  In concluding that Holcom was

not disabled within the meaning of the Social Security Act, the Commissioner

---

\*      The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

reasoned that, despite Holcom's limitations, he was able to perform a significant number of jobs that exist in the national economy. We affirm.

Holcom alleged an inability to work due to pain and stiffness in his lower back, pain and numbness in his legs, poor balance and instability, and sleeping difficulties. His application was denied initially and on reconsideration. Following a hearing, the administrative law judge ("ALJ") found that Holcom was impaired by a degenerative disc disease of his lumbar spinal region resulting in chronic back and leg pain, and that these impairments precluded him from doing his past relevant work.

The ALJ found, however, that Holcom retained the residual functional capacity ("RFC") to perform sedentary work that allows the use of an assistive device in his nondominant hand; allows him to periodically stand for brief periods; and which does not involve balancing, climbing ladders, more than occasional partial stooping, repetitive twisting of his torso, working at unprotected heights, or more than moderately diminished concentration (including semi-skilled work, as distinguished from skilled work requiring close attention to detail or exercise of independent judgment). Taking into account Holcom's impairments, RFC, and the testimony of a vocational expert ("VE"), the ALJ found at step five of the sequential analysis,     see 20 C.F.R. §§ 404.1520, 416.920, that Holcom was not disabled because he retained the RFC to perform certain

jobs, listing as examples a semi-skilled checker/cashier, semi-skilled cafeteria line cashier, and unskilled assembler.

On appeal, Holcom argues that the ALJ erred in denying him benefits without establishing the existence of jobs in the economy that he can perform. Holcom asserts that given his limitations as identified by the ALJ, the Dictionary of Occupational Titles ("DOT") entries for semi-skilled checker/cashier, semi-skilled cafeteria line cashier, and unskilled assembler suggest that he cannot perform these jobs and that the ALJ improperly relied on the VE's testimony that Holcom could perform these jobs. We limit our review of the Commissioner's decision to determining whether the relevant findings are supported by substantial evidence in light of the entire record, and whether the Commissioner applied the correct legal standards. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).

In Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999), this court ruled that before an ALJ may rely on evidence from a VE to support a finding of nondisability at step five, he "must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." Thereafter, Social Security Ruling 00-4p (SSR 00-4p), 2000 WL 1898704, was promulgated, which explains that when a VE provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative

responsibility" to ask about any possible conflict between the expert's testimony and the DOT, and if the VE's testimony "appears to conflict with the DOT," to "obtain a reasonable explanation for the apparent conflict."     Id. at *4.

Our review of the record demonstrates that the ALJ satisfied his obligations under Haddock  and SSR 00-4p.  During the hearing, the VE testified that a person with Holcom's limitations could perform a check-casher job that was classified as a sedentary, semi-skilled job, a cafeteria line cashier job that was classified as a sedentary, semi-skilled job, and an assembler that was classified as a sedentary, unskilled job.  The ALJ then inquired as to whether the VE had reviewed the requirements for those jobs in the DOT and whether there was any variance between the exertional requirements of the jobs identified by the VE and their descriptions in the DOT.  In response, the VE explained that although the DOT does not delineate or expressly address all of Holcom's limitations, based on her thirty years of experience in observing these jobs and in placing people in these and other occupations, she concluded that Holcom had the RFC to perform the jobs identified.  Thus, the ALJ satisfied his obligation to obtain a reasonable explanation for any variance between the VE's testimony and the DOT job descriptions.

Holcom attempts to create a conflict by arguing that the DOT's job requirements for "cashier-checker"and "cashier II" as described in DOT

§ 211.462-014 and § 211.462-010, Vol. I at 183, conflict with the VE's testimony. We agree with the Commissioner that these jobs, both of which are classified as light work by the DOT, are not the jobs described by the VE, and that there is no conflict between the jobs described by the VE and the DOT job descriptions for a check cashier, DOT § 211.462-026, Vol. I at 183, and a food checker in a cafeteria, DOT § 211.482–014, Vol. I at 184, which are classified by the DOT as sedentary work.

We conclude that the Commissioner met the step-five burden of proving that there are sufficient jobs in the national economy for a hypothetical person with Holcom's impairments. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge